IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE DISTRICT OF SOUTH CAROLINA
GREENVILLE DIVISION

| | |
|---|---|
| Gerald Francis Chilli, # 02131-158 ) | |
| ) | Civil Action No. 6:11-00435- TLW-KFM |
| Petitioner, ) | |
| ) | **REPORT OF MAGISTRATE JUDGE** |
| vs. ) | |
| ) | |
| John R. Owens, Warden, ) | |
| FCI Williamsburg ) | |
| ) | |
| Respondent. ) | |

This matter is before the court on the respondent's motion to dismiss (doc. 13) and the petitioner's motion for summary judgment (doc. 16). The petitioner, a state prisoner proceeding *pro se*, seeks habeas corpus relief pursuant to Title 28, United States Code, Section 2241.

Pursuant to the provisions of Title 28, United States Code, Section 636(b)(1)(B), and Local Rule 73.02(B)(2)(c), D.S.C., this magistrate judge is authorized to review posttrial petitions for relief and submit findings and recommendations to the District Court.

## BACKGROUND OF THE CASE

The petitioner was sentenced on March 12, 2010, to a 46-month term of imprisonment by the United States District Court for the Eastern District of New York for Collection of Unlawful Debt Conspiracy, pursuant to 18 U.S.C. §§ 1962(d) & 1963(a). The petitioner is currently incarcerated at the Federal Correctional Institution ("FCI") Williamsburg, South Carolina.

The petitioner filed a petition for writ of habeas corpus under 28 U.S.C. § 2241 challenging the execution of his federal sentence. The petitioner claims the Federal Bureau of Prisons ("BOP") is refusing to conform to an order issued by the United States District Court for the Eastern District of New York that its sentence be computed to run concurrent

and coterminous with three federal sentences and one state of Florida sentence previously imposed. The petitioner claims the BOP's refusal to comply with the order has resulted in a longer prison sentence than the Eastern District of New York intended. The petitioner asks the court to order the BOP to compute his current sentence as concurrent and coterminous with his prior federal and state sentence as ordered by the Eastern District of New York and that his release date be recalculated to reflect a release date of May 15, 2010.

On April 22, 2011, the respondent filed a motion to dismiss. By order filed that same date, pursuant to *Roseboro v. Garrison*, 528 F.2d 309 (4th Cir. 1975), the petitioner was advised of the summary judgment dismissal procedure and the possible consequences if he failed to adequately respond to the motion. The petitioner filed his response in opposition to the motion to dismiss on May 4, 2011. The respondent filed a reply on May 13, 2011. On April 27, 2011, the petitioner filed a motion for summary judgment, and the respondent filed a response in opposition on May 13, 2011.

## APPLICABLE LAW AND ANALYSIS

In *McCleskey v. Zant*, 499 U.S. 467 (1991), the Supreme Court explained that the abuse of writ doctrine generally precludes inmates from relitigating the same issues in subsequent applications or from raising new issues in subsequent habeas petitions. *Id*. at 489. The abuse of writ doctrine is a modified *res judicata* rule. *Felker v. Turpin*, 518 U.S. 651, 664 (1996). In addition, subsequent to the enactment of the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), 28 U.S.C. § 2244 was amended to read:

> No circuit or district judge shall be required to entertain an application for writ of habeas corpus to inquire into the detention of a person pursuant to a judgment of a court of the United States if it appears that the legality of such detention has been determined by a judge or court of the United States on a prior application for writ of habeas corpus, except as governed in section 2255.

2

28 U.S.C. § 2244(a).

While Section 2244(a) does not expressly apply its provisions to habeas cases filed pursuant to Section 2241, several circuit and district courts have held that, prior to and after the AEDPA version of Section 2244(a), the law bars a second Section 2241 as a successive petition where the grounds raised in the second petition were denied in a prior Section 2241 action. *See e.g. Valona v. United States*, 138 F.3d 693, 695 (7th Cir. 1998); *Chambers v. United States*, 106 F.3d 472, 475 (2d Cir. 1997); *Glumb v. Honsted*, 891 F.2d 872, 873 (11th Cir. 1990); *Poynor v. U.S. Parole Comm'n*, 878 F.2d 275, 277 (9th Cir. 1989); *Bakenhus v. Rivera*, C.A. No. 9:08-2282-HFF-BM, 2009 WL 559925 (D.S.C. 2009); *Peagler v. Yancey*, C.A. No. 3:05-2921-CMC-JRM, 2006 WL 2434037 (D.S.C. 2006); *Singletary v. Dewalt*, No. 04-623, 2005 WL 1162940 (E.D. Va. 2005).

In order for a petition to be considered successive, the first petition must have been dismissed on the merits. *Harvey v. Horan*, 278 F.3d 370, 379 (4th Cir. 2002). After the government properly raises the issue of abuse of the writ with regard to a second application for habeas relief, "[t]he burden to disprove abuse then becomes petitioner's." *McCleskey*, 499 U.S. at 494.

The merits of the petitioner's petition have already been considered by the United States District Court for the Eastern District of New York. *See Chilli v. Federal Bureau of Prisons*, C.A. No. 1:10-cv-03808-SJ (E.D.N.Y. Oct. 8, 2010). All of the claims raised by the petitioner in this petition were raised in his Section 2241 petition in the Eastern District of New York. The court denied the petition on October 8, 2010. The petitioner filed a motion for reconsideration, and on October 29, 2010, the court denied his motion (pet. resp. m. to dismiss, attach. 1, doc. 17-1).

In his response in opposition to the motion to dismiss, the petitioner argues, "Petitioner does not deny the fact that the district court ruled upon his §2241 in the E.D.N.Y, Petitioner is challenging the fact that the Federal Bureau of Prisons ("B.O.P.") is failing to

3

adhere to the E.D.N.Y. District Court's ruling" (pet. resp. m. to dismiss at pp. 1-2). However, as noted by the respondent, the petitioner fails to point out that the court concluded that "the BOP's calculation of the sentence is correct and reflects the Court's intentions" (*id.*, attach. 1 at p. 7).

The petitioner has had a full and fair opportunity to litigate the issues he presents in this petition with his previous petition filed in the Eastern District of New York. The court decided his issues on the merits. Accordingly, this petition should be dismissed.

In his motion for summary judgment filed on April 27, 2011, the petitioner argues he should be granted summary judgment by default because the time for the respondent to answer his petition had expired. The motion is meritless for two reasons. First, default judgments are generally not available in habeas actions. *See, e.g., Aziz v. Leferve*, 830 F.2d 184, 187 (11th Cir. 1987) (noting that "a default judgment is not contemplated in habeas corpus cases"). Second, the record clearly reflects that the respondent was served with the petition on March 11, 2011 (doc. 12). The docket further indicates that the respondent's answer was due by May 11, 2011 (*id.*) The respondent filed the motion to dismiss at issue here on April 22, 2011, well before the court's specified due date (doc. 13). Accordingly, this motion should be denied.

## **CONCLUSION AND RECOMMENDATION**

Wherefore, based upon the foregoing, this court recommends that the respondent's motion to dismiss (doc. 13) be granted and the petitioner's motion for summary judgment (doc. 16) be denied.

s/ Kevin F. McDonald
United States Magistrate Judge

September 28, 2011

Greenville, South Carolina

4